SOL:SBJ:SR
(05)01655

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,                    :
United States Department of Labor,
                                                       :        Civil Action
                              Plaintiff,
                                                       :        File No. **05-CV-10792 (LLS)**
                  v.
                                                       :
IFRAME INC. 401(K) PLAN,                                        **COMPLAINT**
                                                       :

                              Defendant.       :
---------------------------------------------------------------

1.     This cause of action arises under the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and is brought to enjoin acts and practices which

violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to

redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

### Jurisdiction, Parties and Venue

2.     Jurisdiction over this action is conferred upon the Court by §502(e)(1) of ERISA,

29 U.S.C. §1132(e)(1).

3.     The IFrame Inc. 401(k) Plan ("the Plan") is an employee benefit plan within the

meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  The Plan was sponsored by IFrame Inc., an

employer which employed employees covered by the Plan and which was located at 48 West 37th

Street, New York, New York 10018.

4.     Venue for this action lies in the Southern District of New York where the Plan

was administered, pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## Factual Allegations

5.    On information and belief, the Company ceased operations in June 2002.

6.    On information and belief, the Plan Trustees, Arvind Walia and Sonny Chabra refuse to function as fiduciaries. Mr. Walia resigned as President and Director of IFrame Inc. in June 2002. Mr. Chabra, Chairman of the Board, ceased operations of IFrame Inc. in June 2002. No other trustee or fiduciary has been designated and the Plan now exists without a named fiduciary.

7.    To the best of Plaintiff's information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. As a result, the Plan's participants and beneficiaries of the Plan have not been able to gain access to or information about their individual account balances.

8.    The Plan has not been formally terminated.

9.    On information and belief, no person has been actively managing the Plan or its assets. As a result, the Plan's participants and beneficiaries of the Plan have not been able to gain access to or information about their individual account balances.

10.   The custodian of funds is Oppenheimer Funds ("Oppenheimer"). Oppenheimer will not release the participants' benefits without a signature from an authorized fiduciary. To the best of the Secretary's knowledge, information, and belief, the assets of the Plan in the Oppenheimer's custody have a value of approximately $169,380.86.

## Violations

11.   Because of the facts and circumstances set forth in Paragraphs 5-10, above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA §402(a), 29 U.S.C. §1102(a); and ERISA

2

§403(a), 29 U.S.C. §1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

12.    Because of the facts and circumstances set forth in Paragraph 5-10 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA §402(b)(4), 29 U.S.C. §1102(b)(4).

Prayer for Relief

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. §1132(a)(5), plaintiff

prays that the Court:

A.       Appoint an independent fiduciary to administer the Plan, and effectuate the

distribution of Plan assets to the participants and beneficiaries and the Plan's termination.

B.       Provide such other relief as may be just and equitable.

Dated:       December  , 2005
             New York, New York

                                        Respectfully submitted,

                                        /S/Howard M. Radzely_____
                                        HOWARD M. RADZELY
                                        Solicitor of Labor

                                        /S/Patricia M. Rodenhausen_____
                                        PATRICIA M. RODENHAUSEN
                                        Regional Solicitor

                                        /S/Susan B. Jacobs_____
                                        SUSAN B. JACOBS
                                        Attorney (SBJ 8388)

                                        U.S. Department of Labor,
                                        Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (212) 337-2116
Fax. (212) 337-2112